# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| LORRAINE C. EAST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| LAKE COUNTY SHERIFF DEPT., *et al*, ) | **2:14-cv-00058-PPS-JEM** |
| ) | **and** |
| Defendants. ) | **2:14-cv-00075-PPS-PRC** |
| ) | |
| LORRAINE C. EAST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DENISE CROOK, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court *sua sponte* on the issue of the consolidation of East v. Lake County Sheriff Department, *et al*, No. 2:14-cv-00058 and East v. Crook, No. 2:14-cv-00075. The former case was filed on February 21, 2014 against seventeen defendants, and I granted East leave to proceed *in forma pauperis* in that case. The latter was filed on March 6, 2014, and East also seeks leave to proceed *in forma pauperis* against the one defendant in that case. The complaints in the two cases appear essentially identical except for the defendants; the third and fourth pages of the form complaint in each case appear to be duplicates (with identical words crossed out and bolded), as do the hundreds of pages of documents attached to each complaint, albeit in different order. In short, it appears that Crook is intended as a defendant in the first-filed case. The case filed against Denise Crook may, in fact, be intended as a correction

to the prior complaint, because the United States Marshals Service was directed to effect service of process on the defendants but returned the summons unexecuted as to defendant Denise M. Cox because there was "[n]o person with this name, past or present, at DCS Gary." (No. 2:14-cv-00058 DE 6.)

Federal Rule of Civil Procedure 42(a) states that actions involving "a common question of law or fact" may be consolidated. Fed. R. Civ. P. 42(a); *see also 3600 Mich. Co. v. Infra-Metals, Co.*, No. 2:07-cv-367, 2010 U.S. Dist. LEXIS 130719, at *5 (N.D. Ind. Dec. 9, 2010) (citing *A Traveler v. CSX Transp., Inc.*, Nos. 1:06-cv-307, 1:06-CV-56, 2007 U.S. Dist. LEXIS 58068, at *3-4 (N.D. Ind. Aug. 7, 2007)). "The primary purpose of consolidation is to promote convenience and judicial economy." *Miller v. Wolpoff & Abramson, LLP*, No. 1:06-cv-207, 2007 U.S. Dist. LEXIS 63936, at *4 (N.D. Ind. Aug. 28, 2007). Consolidation is "a powerful tool to expedite litigation by drawing together separate actions sharing common legal or factual questions." 8 *Moore's Federal Practice*, § 42.10 (Matthew Bender 3d Ed.) Where, as appears to be the situation here, "the alternative (to dismiss the second lawsuit and require the plaintiff to amend [her] first complaint to add the dismissed [defendant]) would be a complicated exercise of form over substance, consolidation is generally preferred." *Id.*

Consolidation under Rule 42 is done at the trial judge's discretion. *Miller*, 2007 U.S. Dist. LEXIS 63936, at *4-5 (citation and quotation marks omitted). In exercising that discretion, the district court should consider whether consolidation will promote efficiency and judicial economy, and whether it will cause prejudice to any party. *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970); *see also Adams v. N. Ind. Pub. Serv. Co.*, No. 2:10-cv-469, 2012 U.S. Dist. LEXIS 86886, at *3-4 (N.D. Ind. June 22, 2012). The Seventh Circuit has stated that

"considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event. . . ." *Ikerd*, 435 F.2d at 204.

The above factors strongly favor consolidation here. These actions arise from the same set of circumstances, as evidenced by the portions of the second complaint and its attachments that appear to be photocopies of the first complaint. The cases also raise common issues of law. In fact, it appears that the first complaint should have simply been amended to add Denise Crook of the Department of Child Services, the lone defendant in the second case, after the summons to Denise Cox of the Department of Child Services was returned unexecuted in the first case. Both cases were randomly assigned to me by the Clerk of Court, but to different magistrate judges. Absent consolidation, parties would have to pursue the same discovery and other pretrial procedures in duplicate before two different magistrate judges, and I would face the possibility of conducting two separate trials involving the same issues and evidence. That would waste judicial time and resources for claims that could be more efficiently adjudicated in one trial. Furthermore, consolidation will not delay this action because the second complaint hasn't even been served yet, while only one of seventeen defendants has filed a pleading responsive to the complaint in the first case. (No. 2:14-cv-00058 DE 22.)

Therefore, for the reasons stated in this Opinion, and pursuant to Federal Rule of Civil Procedure 42(a), the action pending as No. 2:14-cv-00075 is **CONSOLIDATED** with the action pending as No. 2:14-cv-00058. All further proceedings in these consolidated matters will occur in No. 2:14-cv-00058. The Clerk is directed to **ADMINISTRATIVELY CLOSE** No. 2:09-cv-0075.

The final issue outstanding before the Court in either case at this point is East's

application to proceed *in forma pauperis* in the second-filed case. I granted her parallel petition in the first case. Her situation does not appear to have changed, so because it appears that East is unable to afford to pay the filing fee, I (1) **GRANT** her leave to proceed *in forma pauperis* (DE 2); (2) **WAIVE** the filing fee; and (3) **DIRECT**, pursuant to 28 U.S.C. § 1915(d), the United States Marshals Service to effect service of process on the additional defendant, Denise Crook.

**SO ORDERED**.

ENTERED: April 14, 2014

/s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**